UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| CHRISTOPHER LEDLUM, | **AMENDED COMPLAINT** |
| Plaintiff, | 07 CV 107 (ERK)(JMA) |
| -against- | <u>Jury Trial Demanded</u> |
| CITY OF NEW YORK, JOHN LOUGHERY, EUGENE JAVARUSKI, RICHARD GUTCH, ANDREW LOMBARDO, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown), | |
| Defendants, | |

------------------------------------------------------------------------X

Plaintiff CHRISTOPHER LEDLUM, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

2. The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

1

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff CHRISTOPHER LEDLUM is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants, JOHN LOUGHERY, EUGENE JAVARUSKI, RICHARD GUTCH, ANDREW LOMBARDO and JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. Between February 20, 2006, at approximately 7:00 a.m. and February 23, 2006, at approximately 12:30 p.m., plaintiff CHRISTOPHER LEDLUM was a pre-arraignment detainee in the custody of the NYPD, and at all relevant times herein, was detained inside the 120th Precinct Stationhouse, located in Staten Island, New York.

14. On February 21, 2006, during plaintiff's incarceration at the 120th Precinct, the defendants, members of the New York City Police Department, unlawfully assaulted, battered, beat and Tasered the plaintiff while he was in the holding cell. During the foregoing, NYPD officers failed to intervene in the unlawful abuse of the plaintiff, and deliberately failed to render necessary medical assistance to plaintiff, who was obviously injured and bleeding, and had been requesting medical attention. In addition to the foregoing acts of excessive force and brutality, plaintiff's handcuffs were purposely and maliciously over tightened by the defendants to punish the plaintiff, causing severe and possibly permanent injuries to plaintiff's wrists.

15. As a result of the above, plaintiff received medical treatment.

16. As a result of the foregoing, plaintiff CHRISTOPHER LEDLUM sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18. All of the aforementioned acts of defendants, their agents, servants and employee were carried out under the color of state law.

19. All of the aforementioned acts deprived plaintiff CHRISTOPHER LEDLUM of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

20. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

21. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

22. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

23. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff CHRISTOPHER LEDLUM'S constitutional rights.

25. As a result of the aforementioned conduct of defendants, plaintiff CHRISTOPHER LEDLUM was subjected to excessive force and sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. Defendants had an affirmative duty to intervene on behalf of plaintiff CHRISTOPHER LEDLUM, whose constitutional rights were being violated in their presence by other officers.

28. The defendants failed to intervene to prevent the unlawful conduct described herein.

29. As a result of the foregoing, plaintiff CHRISTOPHER LEDLUM was put in fear of his safety, he was humiliated, and subjected to unjustified physical abuse and tight handcuffing. Further, plaintiff sustained severe and permanent physical injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. Defendants Loughery, Javaruski, Gutch, and Lombardo personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, the use of excessive force on individuals on arrestees that are not responsive because they are in need of emergency medical attention. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff CHRISTOPHER LEDLUM'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein, including without limitation, the unlawful use of the Taser.

35. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff CHRISTOPHER LEDLUM.

36. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CHRISTOPHER LEDLUM as alleged herein.

37. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff CHRISTOPHER LEDLUM as alleged herein.

38. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff CHRISTOPHER LEDLUM was unlawfully beaten, and subjected to physical abuse and tight handcuffing.

39. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff CHRISTOPHER LEDLUM'S constitutional rights.

40. All of the foregoing acts by defendants deprived plaintiff CHRISTOPHER LEDLUM of federally protected rights, including, but not limited to, the right:

    A. To be free from excessive force;

    B. To be free from the failure to intervene; and

    C. To receive equal protection under law.

41. As a result of the foregoing, plaintiff CHRISTOPHER LEDLUM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

44. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

45. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

46. Plaintiff has complied with all conditions precedent to maintaining the instant action.

47. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. As a result of the foregoing, plaintiff CHRISTOPHER LEDLUM was placed in apprehension of imminent harmful and offensive bodily contact.

50. As a result of defendant's conduct, plaintiff CHRISTOPHER LEDLUM has suffered physical pain and mental anguish, together with shock, fright, apprehension,

embarrassment, and humiliation.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants made offensive contact with plaintiff without privilege or consent.

53. As a result of defendant's conduct, plaintiff CHRISTOPHER LEDLUM has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

54. Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

56. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

57. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

58. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff CHRISTOPHER LEDLUM.

59. As a result of the aforementioned conduct, plaintiff CHRISTOPHER LEDLUM suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the beating and physical abuse of plaintiff CHRISTOPHER LEDLUM.

62. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the beating and physical abuse of plaintiff CHRISTOPHER LEDLUM.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct

described herein.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

69. As a result of the foregoing, plaintiff CHRISTOPHER LEDLUM is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

**WHEREFORE**, plaintiff CHRISTOPHER LEDLUM demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
November 15, 2007

> LEVENTHAL & KLEIN, LLP
> 45 Main St., Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
> BRETT H. KLEIN (BK4744)
>
> Attorneys for Plaintiff CHRISTOPHER LEDLUM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

CHRISTOPHER LEDLUM,    07 CV 107
                                                               (ERK)(JMA)

                              Plaintiff,

-against-

CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                              Defendants,

----------------------------------------------------------------X

## AMENDED COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for Plaintiff Christopher Ledlum
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100